## In re Anonymous No. 52 D.B. 88

Disciplinary Board Docket no. 52 D.B. 88.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

GILBERT, *Member*, April 10, 1989 — Pursuant to rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

### HISTORY OF PROCEEDINGS

Respondent, [ ], was born in 1940 and admitted to the practice of law in the Commonwealth of Pennsylvania in 1967. He maintained his office at [ ].

On May 24, 1988, the Office of Disciplinary Counsel (petitioner) filed a petition for discipline against respondent alleging that he had violated the following Disciplinary Rules of the Code of Professional Responsibility:

(A) D.R. 1-102(A)(4) — dealing with a lawyer engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

(B) D.R. 1-102(A)(6) — dealing with conduct that adversely reflects on a lawyer's fitness to practice law;

(C) D.R. 6-101(A)(3) — dealing with a lawyer neglecting a legal matter entrusted to the lawyer; and

(D) D.R. 7-101(A)(2) — dealing with a lawyer intentionally failing to carry out a contract of employment entered into with a client for professional services.

Petitioner alleged that these violations occurred during respondent's representation of a client in a matter concerning a claim against.[ ] Insurance Company for breach of terms of a homeowners insurance policy. Respondent's client had incurred damages from a fire at his residence in the approximate amount of $2,127, which [ ] refused to pay.

Respondent failed to file an answer within the prescribed time under rule 208(b)(3) of the Pa.R.D.E., and the matter was referred to Hearing Committee [ ], consisting of [ ]. A hearing was held on October 3, 1988 at which time respondent stipulated, among many other facts set forth in the petition for discipline, that he had violated the following Disciplinary Rules of the Code of Professional Responsibility:

(A) D.R. 1-102(A)(4) — dealing with a lawyer engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

(B) D.R. 1-102(A)(6) — dealing with conduct that adversely reflects on a lawyer's fitness to practice law; and

(C) D.R. 6-101(A)(3) — dealing with a lawyer neglecting a legal matter entrusted to the lawyer.

Due to the extent of stipulations that were executed between respondent and petitioner, only two issues remained for the committee to resolve, namely, whether respondent had also violated D.R. 7-101(A)(2) and the type of discipline to be imposed. The hearing committee filed its report on January 26, 1989 finding the evidence insufficient to establish a violation of D.R. 7-101(A)(2) and recommending suspension for a period of three months to commence on November 16, 1988. Both petitioner and counsel for respondent declined to file a brief on exceptions, and the committee referred the matter to the board for review and recommendation to your honorable court. The board adjudicated the matter on March 9, 1989.

## FINDINGS OF FACT

The board substantially adopts the hearing committee's findings of fact which were supported by extensive stipulations executed between the parties, and are as follows:

(1) On or about November 15, 1985, [B] spoke with respondent concerning a potential case against [A] Insurance Company.

(a) [B] had incurred damages due to a fire at his residence in the approximate amount of $2,127, which claim [A] had refused to pay.

(b) Respondent agreed to handle the case on an hourly fee basis, but with the fee not to exceed one-third of the total claimed ($2,127.75).

(2) By letter dated November 19, 1985, [B] informed respondent of the expenses he had incurred as a result of the fire and provided for respondent his homeowner's policy number. Also included with that letter were:

(a) A check for filing fees in the amount of $50,

made payable to respondent, which check was negotiated by respondent on November 27, 1985.

(b) Two letters from [A] concerning their refusal to pay [B's] claim.

(3) On or about November 27, 1985, respondent requested from [B] the contractor's handwritten bill and a copy of the homeowner's policy, with which request [B] immediately complied.

(4) Respondent and [B] were both members of the Executive Committee of the [C] Association, and on February 11, 1986, after a meeting in respondent's office of the committee, respondent had [B] sign a blank affidavit.

(5) In May 1986, respondent and [B] discussed the case and a possible hearing date in December 1986.

(6) On or about February 18, 1987, [B] telephoned respondent concerning the status of his case, at which time respondent indicated that he would check into its status and get back to him.

(7) On February 19, 1987, respondent caused to be filed in the Arbitration Division of the Court of Common Pleas of [   ] County a complaint on behalf of [B] against [A], docketed at no. [   ].

(a) A hearing date was then scheduled for May 7, 1987.

(b) Subsequently, respondent contacted [B] and indicated that a hearing had been set for May 7, 1987.

(8) On March 25, 1987, [A] filed an answer and new matter.

(a) In the new matter, the defendant indicated that [B's] loss had occurred on August 15, 1985 and suit had not been filed until February 19, 1987.

(b) The defendant's position was that [B's] claim

was time-barred, as the insurance policy contained a one-year limitation period for filing suit against the company.

(9) On April 14, 1987, [A] filed a motion for summary judgment based upon their position that [B's] action was time-barred.

(a) The matter was listed for argument on May 8, 1987.

(b) On the morning of May 8, 1987, respondent telephoned the attorney for [A] and requested that the argument be continued.

(c) Opposing counsel agreed and the argument was continued until June 5, 1987.

(10) On the morning of June 5, 1987, respondent telephoned the attorney for [A] and indicated that it would not be necessary to go through the argument as the suit would be dropped.

(a) On that same day, respondent filed a praecipe to settle and discontinue the case.

(b) However, respondent failed to obtain [B's] permission to discontinue the case and failed to advise [B] that he had discontinued it.

(11) At no time had [A] made a settlement offer in regard to the [B] claim.

(12) On or about July 28, 1987, respondent told [B] (in response to his inquiries concerning the status of the case) that he would proceed with the settlement of his claim. As of that time, respondent failed to advise his client of [A's] position that the claim was time-barred and that he had discontinued the case.

(13) Besides the above contacts, between November 1985 and late 1987, [B] also inquired of respondent as to the status of the case on numerous occasions of either Executive Committee or board meetings of the [C] Association. On those occasions,

respondent never provided [B] with any pertinent information concerning the status of the case.

(14) By check dated May 19, 1988, respondent made payment to [B] in the amount of $2,600, reflecting the amount of the original claim, court costs and interest.

## DISCUSSION

As aforementioned, due to respondent's admissions of his violating D.R. 1-102(A)(4), D.R. 1-102(A)(6) and D.R. 6-101(A)(3), the only questions presented for this board's determination are whether the respondent's actions constitute a violation of D.R. 7-101(A)(2), and the type of discipline to be imposed. As to whether respondent violated D.R. 7-101(A)(2), this board concurs in the committee's finding that the record contains insufficient evidence to support a conclusion that respondent violated D.R. 7-101(A)(2). However, for reasons hereinafter explained, the board cannot accept the hearing committee's recommendation of a three-month suspension.

In order to find respondent guilty of violating D.R. 7-101(A)(2), the record must demonstrate that respondent intentionally failed, or made a conscious decision not to perform his contract to provide professional services for his client. In the instant case, the record does not contain sufficient evidence to meet the scienter requirement of D.R. 7-101(A)(2), which can be satisfied only upon a showing of a reckless indecision toward his contractual obligation to perform professional services on behalf of his client. Conduct amounting to a reckless indecision not to act on behalf of a client requires a showing that the actor knew the potential consequences of his inaction. In the present case,

the board feels that there is insufficient· evidence to find that respondent knew that his delay in filing suit would result in the suit being time-barred by a time limitation contained in the contract upon which the suit was based. Therefore, the board concludes that respondent did not violate D.R. 7-101(A)(2).

Finally, as for the appropriate sanction to be imposed, this board is especially cognizant of respondent's extensive disciplinary history which includes three informal admonitions, one private reprimand with probation, and a three-month suspension which expired on November 15, 1988. As noted in the committee's report, the instant charge is respondent's seventh violation of D.R. 6-101(A)(3) and the third violation of D.R. 1-102(A)(4) during the past eight years.

There may be some mitigating circumstances in respondent's situation, including an alcohol problem, which helps to explain respondent's history of repeated neglect of his clients' interests. Although respondent's problem with alcohol now appears to be under control, the board is still confronted with a continued problem of neglect and misrepresentation. Because the past disciplinary sanctions, including informal admonitions, a private reprimand, and a three-month suspension, have not brought the desired changes in the respondent's conduct of his legal practice, the board recommends that respondent be subjected to a six-month suspension to commence on November 16, 1988.

## CONCLUSIONS OF LAW

The board finds the following violations of the Disciplinary Rules of· the Code of Professional Responsibility:

(A) D.R. 1-102(A)(4) — dealing with a lawyer

engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

(B) D.R. 1-102(A)(6) — dealing with conduct that adversely reflects on a lawyer's fitness to practice law; and

(C) D.R. 6-101(A)(3) — dealing with a lawyer neglecting a legal matter entrusted to the lawyer.

## RECOMMENDATION

For the foregoing reasons the Disciplinary Board recommends that respondent, [   ], be suspended for a period of six months to commence on November 16, 1988, the date on which respondent's previous three-month suspension expired. It is further recommended that the court direct that all necessary expenses and costs incurred with this action be borne by and paid for by respondent.

Mr. Gilardi dissents and would recommend a three-month suspension.

Mr. Keller did not participate in the adjudication.

## ORDER

And now, September 11, 1989, upon consideration of the report and recommendations of the Disciplinary Board dated April 10, 1989, it is hereby ordered that [respondent] be and he is suspended from the bar of this commonwealth for a period of six months commencing November 16, 1988, and he shall comply with all the provisions of rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to rule 208(g), Pa.R.D.E.

Mr. Justice Larsen and Mr. Justice Papadakoś dissent and would make the suspension prospective and not retroactive.